## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. CR-21-31-PRW |
| ) | CIV-24-25-PRW |
| JOSE FRANCISCO TORRES, ) | |
| ) | |
| Defendant. ) | |

### ORDER

Before the Court is Defendant Torres's Motion to Vacate, Set Aside, or Correct Sentence (Dkt. 63) and Memorandum of Points and Authorities (Dkt. 64), as well as the United States's Response (Dkt. 67).

Defendant Torres entered a plea of guilty before the Court on May 7, 2021. On September 22, 2021, the Court sentenced Defendant Torres to 180 months of imprisonment. Defendant Torres filed no notice of appeal; as a result, his judgment of conviction became final on October 7, 2021.[1] Defendant Torres filed the present Motion on January 9, 2024.

Defendant Torres's Motion proceeds under 18 U.S.C. § 2255. Section 2255(f) establishes a one-year period of limitations for such motions. In most cases, this limitation

---

[1] Fed. R. App. P. 4(b)(1)(A) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of either the judgment or the order being appealed[.]"); *see United States v. Mathisen*, 822 F. App'x 752, 753 (10th Cir. 2020) (unpublished).

1

period runs from "the date on which the judgment of conviction becomes final."[2] There are some circumstances that trigger a later limitations period, such as governmental interference with filing a motion,[3] newly recognized constitutional rights given retroactive effect,[4] or new facts coming to light that could not have been discovered earlier.[5]

Neither Defendant Torres's Motion nor his Memorandum alleges or even hints that any of the later limitation period circumstances apply here. Nor does Defendant Torres invoke the doctrine of equitable tolling.[6] Defendant Torres left the timeliness section of his Motion blank.[7] Accordingly, the limitation period for the Motion ran from "the date on which the judgment of conviction [became] final."[8] As discussed above, that date was October 7, 2021, when the time for Defendant Torres to file notice of a direct appeal expired. Defendant Torres would therefore have had to file his § 2255 Motion by October 7, 2022. Instead, Defendant Torres waited to file his Motion (Dkt. 63) until January 9, 2024, long after his window to do so had closed.

The Court finds that Defendant Torres's Motion (Dkt. 63) is untimely under the statutory limitations period. No evidentiary hearing is required as "the motion and the files

---

[2] 18 U.S.C. § 2255(f)(1).
[3] § 2255(f)(2).
[4] § 2255(f)(3).
[5] § 2255(f)(4).
[6] *See United States v. Gabaldon*, 522 F.3d 1121, 1124 (10th Cir. 2008).
[7] Def. Mot. (Dkt. 63), at 11.
[8] § 2255(f)(1).

and records of the case conclusively show that the prisoner is entitled to no relief."[9] The Motion (Dkt. 63) is **DISMISSED.**

**IT IS SO ORDERED** this 30th day of January 2024.

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[9] § 2255(b).